IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTGOMERY CARL AKERS,                    )
                                          )
                Plaintiff,                )
                                          )
v.                                        )      No.
                                          )
J. CONOVER, DAN SPROUL,                   )
KATHERINE SIEREVELD, WILLIAM              )
TRUE, J.S. WALTON, WENDY ROAL,            )
HENRY RIVAS, STEVEN CORDONA,              )
FNU KELLY, MILTON NEUMANN, and            )
APRYL CRUIT,                              )
                                          )
                Defendants.               )

## NOTICE OF REMOVAL

The defendants, J. Conover, Dan Sproul, Katherine Siereveld, William True, J.S. Walton,

Wendy Roal, Henry Rivas, Steven Cardona, FNU Kelly, Milton Neumann, and Apryl Cruit, by

their attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois,

and Laura J. Jones, Assistant United States Attorney, notify this Court that pursuant to 28 U.S.C.

§ 2679 the above-entitled case is hereby removed from the Circuit Court of the First Judicial

Circuit, Williamson County, Illinois.

1.      Plaintiff is an inmate incarcerated at the United States Penitentiary in Marion,

Illinois. Plaintiff named as defendants J. Conover, Dan Sproul, Katherine Siereveld, William True,

J.S. Walton, Wendy Roal, Henry Rivas, Steven Cardona, FNU Kelly, Milton Neumann, and Apryl

Cruit in a civil action he filed in the Circuit Court of the First Judicial Circuit, Williamson County,

in the State of Illinois, entitled *Montgomery Akers v. Conover, et al.,* case no. 2020-L-54. A

certified copy of the state court complaint, application for waiver of fees, and docket are attached

as Exhibit A. Defendants have not been served, and no trial date has been set.

2.      In his complaint, plaintiff alleges that defendants committed acts of slander, libel, and defamation beginning in October 2011 when they began to say and write that plaintiff, as a federal inmate in the custody of the Federal Bureau of Prisons (BOP), committed a fraud upon the public when he tried to sell property while incarcerated. *See* Ex. A, complaint, p. 2.

3.      At the time of the events giving rise to the complaint, defendants were employees of the BOP.

4.      Plaintiff has been banned from filing cases in federal courts in accordance with the Seventh Circuit's May 17, 2012 order in *Akers v. Roal, et al.*, case no. 11-3268 (citing *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997)). Prior to the imposition of this filing restriction, he had accumulated more than three "strikes" as defined in 28 U.S.C. § 1915(g), but continued to file additional cases. *See, e.g., Akers v. Rivas, et al.*, no. 16-cv-1339-MJR (Memo. and Order) (Dec. 15, 2016) (Doc. 5); *Akers v. Siereveld*, no. 17-cv-03340-KAW (Order Dismissing Complaint) (Oct. 6, 2017) (Doc. 11).  To circumvent the filing ban in federal court, plaintiff filed this suit in state court.

5.      When a federal employee is sued, the Westfall Act empowers the Attorney General of the United States to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question. *See* 28 U.S.C. §§ 2679(d)(1), (d)(2).

6.      Pursuant to 28 U.S.C. § 2679(d)(2),

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of

2

the Attorney General shall conclusively establish scope of office or employment for purposed of removal.

7.      A United States Attorney is permitted to issue such certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). The United States Attorney may and has delegated such certification to the Chief of the Civil Division whose certification is attached as Exhibit B.

7.      The United States Attorney, by his designee, has thus certified that, at the time of the events giving rise to the complaint, defendants Conover, Sproul, Siereveld, True, Walton, Roal, Rivas, Cardona, Kelly, Neumann, and Cruit were employees of the BOP acting within the scope of their federal employment. *See* Ex. B.

8.      Under the Federal Tort Claims Act, federal district courts have exclusive jurisdiction over claims against the United States arising out of torts allegedly committed by federal employees acting within the scope of their federal employment. 28 U.S.C. §§ 1346(b)(1), 2671-2679. Accordingly, the proper defendant in such an action is the United States, not individually named federal employees. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States.").

9.      This action is one which may be removed pursuant to 28 U.S.C. § 2679(d)(2). Under 28 U.S.C. § 2679(d)(2), an action may be removed "at any time before trial."

10.     The United States will mail a copy of this Notice of Removal to all parties who have appeared in the state court action, and shall file a copy of this Notice of Removal in the state case by sending it to the Clerk of Court, First Judicial Circuit, Williamson County, Illinois.

3

11.    Nothing in this Notice of Removal shall constitute a waiver of plaintiff's service obligations under Rule 4 of the Federal Rules of Civil Procedure.

WHEREFORE, defendants remove this action to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 2679(d)(2) and request that the United States be deemed as, and substituted as, the defendant for purposes of these claims.

ATTORNEYS FOR DEFENDANTS

STEVEN D. WEINHOEFT
United States Attorney

/s/ Laura J. Jones
LAURA J. JONES
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone:    (618) 628-3700
Fax:       (618) 622-3810
E-Mail:   Laura.Jones1@usdoj.gov

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTGOMERY CARL AKERS                    )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )    No.
                                         )
J. CONOVER, DAN SPROUL,                  )
KATHERINE SIEREVELD, WILLIAM             )
TRUE, J.S. WALTON, WENDY ROAL,           )
HENRY RIVAS, STEVEN CORDONA,             )
FNU KELLY, MILTON NEUMANN, and           )
APRYL CRUIT,                             )
                                         )
            Defendants.                  )

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2020, I electronically filed the foregoing **Notice of Removal** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

> N/A

and I hereby certify that on June 17, 2020, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

Andrew Wilson, Circuit Clerk          Montgomery Carl Akers
Williamson County                     Reg. No. 2020L54
200 W. Jefferson, Suite 100           U.S. Penitentiary
Marion, IL 62959                      P.O. Box 1000
                                      Marion, IL 62959


                                      /s/ Laura J. Jones
                                      LAURA J. JONES
                                      Assistant United States Attorney